**Leonard ROGERS, Plaintiff,**

v.

**Neil J. BRUNTRAGER, Circuit Attorney, and Kurt S. Odenwald, Public Defender, Defendants.**

No. 83–2957C(2).

United States District Court, E.D. Missouri.

March 5, 1984.

Leonard Rogers, pro se.

Charles H. Billings, St. Louis, Mo., Lew A. Kollias, Jefferson City, Mo., for defendants.

### MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court on defendants' motions to dismiss, plaintiff's requests for appointment of counsel, to amend petition, and for summary judgment and injunctive relief and plaintiff's motions in opposition to defendants' motions to dismiss.

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Neil J. Bruntrager, Assistant Circuit Attorney for the City of St. Louis, and Kurt Odenwald, Assistant Public Defender in the City of St. Louis. Plaintiff's prolix pleading is vague and difficult to understand. Principally, plaintiff appears to complain that defendant Bruntrager "procured, aided or assisted in the restraint of plaintiff [sic] physical person by filing the charge of stealing against plaintiff" and, in

so doing, acted "outside the scope of his jurisdiction without authorization, justification, jurisdiction and probable cause. Said charge 'stealing' fails in some essential averment necessary in the description of the (crime charged) in the official complaint no. 127082." Defendant Odenwald, apparently plaintiff's appointed attorney in connection with his charge of stealing, is alleged to have been aware that defendant Bruntrager acted outside his jurisdiction, but, "with callous indifference to the Civil Rights of plaintiff, attempted to cover up and/or conceal that which is required to reveal by law."

Thus, at best, plaintiff's complaint alleges a § 1983 cause of action against defendant Bruntrager for filing a false charge against plaintiff and against defendant Odenwald for legal malpractice. The former claim is barred by the doctrine of prosecutorial immunity, *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), and the latter claim fails to allege any action "under color of law" as is required in § 1983 actions. *See Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

Although plaintiff now requests leave to amend his complaint, he asserts no additional facts which would make a § 1983 action proper against either defendant.

For these reasons, the Court will grant defendants' motions to dismiss, deny plaintiff's requests for appointment of counsel, to amend petition, and for summary judgment and injunctive relief, and deny plaintiff's motions in opposition to defendants' motions to dismiss.